Frisby adsm. Williamson and al.

An affidavit that the defendant absconds from his creditors and is not to the deponent's knowledge or belief, resident in this state &c. is not sufficient foundation for issuing an attachment.

It should state further that *he is indebted to the plaintiff.*

---

On rule to shew cause why the writ of attachment should not be quashed &c.

*B. I. Williamson* and *Frelinghuysen,* in support of rule.
*J. J. Chetwood* and *I. H. Williamson, contra.*

The opinion of the court was delivered by

HORNBLOWER, C. J. It is objected that the affidavit on which this writ was issued, is defective; and we think it is &c. The 1st sect. of the act, *(Rev. Laws* 355.) provides that " if any *creditor,* shall make oath or affirmation before any Judge &c. that he verily

believes, that *his debtor* absconds from his creditors &c.—then it shall be the duty of the clerk &c.—and by the 2d sect. it is provided, that if "*the creditor* be absent, or reside out of this state, then his agent or attorney may make oath or affirmation to the above effect &c."

The affidavit in this case, was made by three persons, but whether they were creditors of *Frisby*, or attornies or agents of such creditors, or mere strangers and volunteers in the matter, does not appear. They simply swear " that they verily believe that James N. Frisby, late of &c. absconds from his creditors, and is not to their knowledge or belief, resident in this state &c." They do not state that they are his creditors, or that he is indebted to them—Now the language as well as the spirit of the law, we think requires, that the affidavit should shew upon the face of it, that the person who makes it, or for whose benefit it is made, if made by an agent is a *creditor* of, and entitled to sue the defendant by attachment. The party suing out the attachment, is to swear that "*his debtor*" absconds; but swearing that A. B. absconds, is not swearing that "*his debtor*" absconds; for A. B. may or may not be his debtor; and the affidavit is just as true in one case as in the other. The law will not permit a man to be arrested by a capias, without a previous affidavit, that he is *indebted* to the plaintiff; and the effect of an attachment is, to compel a man to appear and give bail, or suffer his property to be impounded and sold. The reason therefore, why an affidavit of indebtedness, should be required, is as strong in the one case as in the other. Besides, if we sustain this proceeding, then any man whether a creditor or not, or whether he has any cause of action whatever, or not, may sue out an attachment against an absent person, if he can only make affidavit that that person absconds from his creditors. This would be a most dangerous practice, and an evil not to be sanctioned by this court, except under the influence of plain legislative enactment. Let the rule therefore be made absolute.

FORD and RYERSON, Justices, concurred.

*Writ quashed.*